NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR L. GHEE,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7090

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2352, Judge Mary J. Schoelen.

---

Decided: January 12, 2016

---

ARTHUR L. GHEE, Lithonia, GA, pro se.

ELIZABETH ANNE SPECK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Arthur Ghee appeals from the final decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") denying his claims for service-connected disability compensation. Because Mr. Ghee's arguments challenge only the Veterans Court's findings of fact and application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Ghee served honorably in the United States Navy from December 1979 through December 1983. Mr. Ghee claims that during his service, his work exposed him to various fuels, chemicals, and paints. Mr. Ghee also claims exposure to nuclear radiation. His service medical records reflect that he was treated on multiple occasions for respiratory complaints and a cough.

On July 23, 2001, Mr. Ghee filed service-connected disability claims for, among other things, "sleep apnea," "breathing problems," and "shortness of breath," which the Department of Veterans Affairs (the "VA") construed to include reactive airway dysfunction syndrome ("RADS") and restrictive lung disease. In 2010, the VA granted Mr. Ghee service-connected disability ratings of 30% and 60% for RADS effective July 23, 2001, and October 12, 2005, respectively. Mr. Ghee's claims for restrictive lung disease and sleep apnea are the subject of this appeal.

In March 2003, the Board of Veterans Appeals (the "Board") denied entitlement to disability compensation for sleep apnea, but remanded to the VA regional office Mr. Ghee's respiratory disorder claim.

In November 2005, the VA examined Mr. Ghee for respiratory problems, which resulted in a diagnosis of

restrictive lung disease and sleep apnea. The Board later remanded the VA's determination after finding the initial examination "internally contradictory." J.A. 5.

Mr. Ghee received another respiratory examination in December 2008. The VA examiner diagnosed restrictive lung disease and chronic obstructive sleep apnea, but concluded that both diagnoses were not likely related to Mr. Ghee's military service. J.A. 19.

Mr. Ghee obtained a private medical toxicology opinion in August 2009. J.A. 6. That opinion concluded that Mr. Ghee's in-service exposure to fuel and other chemicals was one of several factors that contributed to his current respiratory problems. Mr. Ghee then submitted the opinion to the Board for consideration.

The Board referred Mr. Ghee's case to a VA respiratory medical expert to evaluate whether Mr. Ghee had a service-connected respiratory disorder. In March 2010, the VA respiratory care specialist found that Mr. Ghee had, among other things, severe obstructive sleep apnea, morbid obesity, and moderate restrictive lung disease. J.A. 6. Although the specialist did not physically examine Mr. Ghee, he concluded that those conditions were not related to service. On March 16, 2010, the VA sent Mr. Ghee a letter containing a copy of the medical opinion and provided him with 60 days "to review the medical opinion and send [the Board] any additional evidence or argument." S.J.A. 13. On May 13, 2010, Mr. Ghee provided a written response. S.J.A. 5–12.

On March 3, 2011, the Board denied disability compensation for sleep apnea and restrictive lung disease. J.A. 58. The Board considered Mr. Ghee's objections to the specialist's 2010 opinion, but determined that the specialist's factual statements—rather than Mr. Ghee's statements—were supported by the record. J.A. 71–72. The Board also acknowledged inconsistencies in Mr. Ghee's statements. J.A. 72–74. Based on the record

before it, the Board concluded that Mr. Ghee's sleep apnea and restrictive lung disease first manifested after service and were not service-connected. J.A. 7, 75. On December 22, 2014, the Veterans Court affirmed the Board's decision.

Mr. Ghee appeals to this Court, seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision on a rule of law or the interpretation of any statute or regulation that was relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except as to constitutional issues, we cannot review challenges to a factual determination or challenges to a law or regulation as applied to the facts of a particular case. *Id.* § 7292(d)(2).

We lack jurisdiction to address Mr. Ghee's appeal. In essence, he asks us to reweigh the evidence, which we cannot do. *Thompson v. McDonald*, 580 F. App'x 901, 906 (Fed. Cir. 2014) ("We lack jurisdiction to reweigh the evidence considered by the Board.").

Whether Mr. Ghee is entitled to an independent medical assessment or whether his evidence from a private medical practitioner should be given deference is an issue of fact and necessarily questions the Veterans Court's application of law to those facts. *See generally* 38 C.F.R. § 3.328 (explaining as a matter of discretion the factual circumstances when "an advisory medical opinion may be obtained"). To the extent the VA reviewed several medical opinions when discerning the claims at issue, its determination about which opinions are more credible and reliable is beyond the scope of our review. The VA conducted physical examinations of Mr. Ghee and then internally referred his case to a VA specialist upon receiv-

ing additional information from Mr. Ghee. Although Mr. Ghee contends that he was supposed to receive notice of any independent examination referrals, the statutes and regulations that Mr. Ghee cites apply to non-VA medical professional referrals only. *See* 38 U.S.C. § 7109(a), (c); *Sprinkle v. Shinseki*, 733 F.3d 1180, 1184 (Fed. Cir. 2013) (rejecting a similar challenge because the Board "remanded the case for a medical examination administered by the Regional Office").

## CONCLUSION

Because Mr. Ghee challenges only the factual basis of the determination made by the VA, the appeal is dismissed for lack of jurisdiction.

## **DISMISSED**

## COSTS

No costs.